UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EFRAIN BILBAO VARELA,**

　　　　**Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 8:18-cv-1770-T-36TGW**
　　　　　　　　　　　　　　　　　　　　　　　**8:14-cr-379-T-36TGW**

**UNITED STATES OF AMERICA,**

　　　　**Respondent.**
_____/

## ORDER

　　This cause comes before the Court on Petitioner Efrain Bilbao Varela's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Civ. Doc. 3.  The United States opposes the relief he requests. Civ. Doc. 4.  For the foregoing reasons, Varela's Section 2255 motion must be denied.

**I.　　Background**

　　Varela was part of an eight-member crew on board the *Hope II*, a Panamanian-flagged cargo ship that departed from Colombia in August 2014 with nearly 1,500 kilograms of cocaine hidden in a secret compartment.  Varela was the ship's chief engineer.  In late August 2014, a maritime patrol aircraft spotted the *Hope II* traveling in an area of known drug-smuggling activity in international waters north of Panama.  The Coast Guard stopped and boarded the *Hope II* and eventually discovered the cocaine.  The entire crew was arrested.

　　Varela and the crew were charged in a two-count indictment with conspiracy to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Sections 70503(a) and 70506(a) and (b), and 21 U.S.C. Section 960(b)(1)(B)(ii).  Four

co-conspirators entered guilty pleas, while Varela and three others proceeded to trial.  In June 2015, a mistrial was declared.  Following a re-trial in October 2015, the jury found Varela and his three co-defendants guilty on both counts.  The Court sentenced Varela to 235 months' imprisonment.  Varela appealed, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence.  *United States v. Mosquera*, 886 F.3d 1032 (11th Cir. 2018).

## II.   Discussion

Varela now seeks to vacate his convictions and sentence pursuant to 28 U.S.C. Section 2255.  He raises eight claims of ineffective assistance of counsel.  The United States concedes that Varela's motion is timely and that his claims are cognizable. Civ. Doc. 5 at 4. Accordingly, the Court shall address the merits of the motion.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the petitioner to demonstrate that he was denied the effective assistance of counsel.  *United States v. Cronic*, 466 U.S. 648, 658 (1984).

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's representation fell below an objective standard of reasonable professional assistance; and (2) the petitioner was prejudiced by that deficient performance.  *Strickland*, 466 U.S. at 693–94.  To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."  *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*).  When evaluating performance, the Court must

apply a strong presumption that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).  Furthermore, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994).

### A.    Claims 1 and 2: Failure to Raise Actual Innocence Defense

Varela argues that counsel refused and failed to assert his actual innocence, even though there was no evidence linking him to the conspiracy, money, or drugs.  He argues that counsel failed to present employment contracts that would have proven he was a last-minute, legitimate merchant marine-for-hire.  Civ. Doc. 3 at 4.

In response, the United States argues that Varela cannot show his counsel was ineffective for failing to assert an actual innocence defense because such defense would have been meritless given the evidence presented at trial of Varela's involvement in the conspiracy.  The United States filed an affidavit by Varela's counsel in which he states that "Varela's defense was lack of knowledge," and that proving Varela's innocence would improperly "shift[] the government's burden upon [Varela]" and "would be almost impossible under the facts and circumstances of the charges he faced." *Id.* at 5, Ex. B.  He furthermore states that Varela's "position and qualifications as engineer upon the vessel were not contested at trial; in fact the government sought to impute criminal knowledge from this fact." *Id.*

The record contradicts Varela's assertion that there was no evidence linking him to the criminal conspiracy. To the contrary, as summarized by the Eleventh Circuit, evidence at trial established that Varela and two co-conspirators had been working on the *Hope II* for several months before the Coast Guard intercepted the vessel. *Mosquera*, 886 F.3d at 1038. One co-conspirator testified that the August 2014 venture was not the *Hope II*'s first drug run; rather, its first run was in February 2014, and all of the defendants, including Varela were involved. *Id.* The entire crew, including Varela, agreed to participate in the August 2014 drug run, which would net each crewmember between 50 and 120 million pesos. *Id.* Another co-conspirator testified that Varela directed the loading of cocaine onto the *Hope II* before the August 2014 drug run. *Id.* During the Coast Guard's inspection of the *Hope II*, a co-conspirator overheard Varela warn another crewmember that the Coast Guard was on top of the secret compartment where the drugs were hidden. *Id.* at 1039. A co-conspirator testified that Varela and another crewmember threated to kill him many times for pleading guilty. *Id.* An unrelated prisoner testified that Varela explained to him that the *Hope II* planned to deliver the cocaine at San Andres Island. *Id.*

Varela has not made any argument—other than his bare, self-serving assertion that he was a legitimate merchant marine-for-hire—to contradict the trial testimony that detailed his involvement in the conspiracy. Under these circumstances, Varela cannot show that counsel's failure to pursue an actual innocence defense was deficient performance, or that the outcome of the trial would have been different. "[N]o absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. Furthermore, "[c]ounsel is not required to present every nonfrivolous defense." *Id.* at 1319. Varela cannot show that "no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. He has failed to

4

show that counsel was ineffective in failing to pursue an actual innocence defense and has not identified any prejudice he suffered.  Accordingly, Varela is not entitled to relief on these claims.

### B.       Claim 3: Failure to Demand Discovery

Varela summarily argues that counsel never investigated facts and failed to "demand constitutionally guaranteed *Brady* and *Jenks* discovery from [the United States]" that supported his innocence. Civ. Doc. 3 at 4.  In his responsive affidavit, counsel states that "[a] thorough investigation was conducted of the available materials and proper discovery was completed." Civ. Doc. 5, Ex. B.

Varela has not identified any facts that counsel failed to investigate or evidence that he failed to obtain.  This claim is entirely vague, unsupported, and speculative.  Notably, the Court dismissed without prejudice Varela's initial Section 2255 because it lacked sufficient factual detail to support his claims.  Civ. Doc. 2.  The Court permitted Varela to amend his petition due to his *pro se* status, but cautioned him that conclusory allegations unsupported by facts would be insufficient.  *Id.*  Despite the Court's instructions, Varela's amended petition lacks sufficient factual details.  A petitioner "is not entitled to habeas relief when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible."  *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citations omitted).  Furthermore, "no absolute duty exists to investigate particular facts."  *Chandler*, 218 F.3d at 1317.  Varela has not demonstrated that counsel was ineffective in failing to investigate facts or obtain evidence and has not identified any prejudice he suffered.  Accordingly, Varela is not entitled to relief on this claim.

### C.    Claim 4: Failure to Provide Translations to Spanish

Varela argues that his counsel was ineffective for failing to, and refusing to, provide translations to Spanish of unspecified documents.  He asserts that he has a "complete inability to speak, read, or write making it impossible to assist in his defense without translation."  Civ. Doc. 3 at 5.  In his responsive affidavit, counsel states that "[t]hroughout the entire case including in and out of court [he] utilized the services of a certified interpreter to communicate with [Varela]."  *Id.* at Ex. B.  He further states that "Varela can read and write in Spanish."  *Id.*

The record contradicts Varela's assertion that counsel failed to provide translations.  To the contrary, the record shows that interpreters were available throughout his prosecution from his initial appearance, through both trials, and at sentencing.  Varela has not identified any specific instance in which he was unable to understand the proceedings or communicate, or any instance in which he informed counsel or the Court that he was unable to understand or communicate.  Again, a petitioner is not entitled to relief based on conclusory allegations that are unsupported by the record.  *Caderno,* 256 F.3d at 1217.  Varela has not demonstrated that counsel was ineffective in failing to provide translations and has not identified any prejudice he suffered.  Accordingly, Varela is not entitled to relief on this claim.

### D.    Claim 5: Failure to Present Exculpatory Evidence

Varela summarily argues that counsel failed to present exculpatory evidence that would have shown that he had neither the "wherewithal nor expertise in becoming involved in a drug conspiracy" because he was "only a simple sailor caught unawares."  Civ. Doc. 3 at 5.  He further asserts that he "is 70 years old with no record."  *Id.*  Counsel states that he explored this theory of defense but determined that it was not a sound defense strategy.  *Id.* at 5, Ex. B.  He

6

disputes Varela's assertion of having no criminal record, noting his prior drug trafficking conviction. *Id.*

Varela has not identified any specific exculpatory evidence that counsel failed to present. This claim is entirely vague, unsupported, and speculative. Again, a petitioner is not entitled to relief based on such claims. *Caderno*, 256 F.3d at 1217. Furthermore, Varela cannot show that counsel's decision not to present unidentified exculpatory evidence, or pursue an actual innocence theory of defense, was deficient performance, or that the result of the trial would have been different. "[N]o absolute duty exists to investigate particular facts or a certain line of defense[,]" and "[c]ounsel is not required to present every nonfrivolous defense." *Chandler*, 218 F.3d at 1317–19. Varela has not demonstrated that counsel was ineffective in failing to present exculpatory evidence and has not identified any prejudice he suffered. Accordingly, Varela is not entitled to relief on this claim.

### E.    Claim 6: Failure to Permit Varela to Testify

Varela summarily argues that he "desired to and was prepared to testify in his own defense as to his actual innocence," but that counsel "rebuffed" him and said "there isn't time" to testify. Civ. Doc. 5 at 3. In his responsive affidavit, counsel states that he "advised Varela of his right to testify, [and] it was discussed on many occasions." *Id.* at 5, Ex. B. He states that "at no time did Mr. Bilbao Varela inform counsel that he wished to testify in his defense." *Id.* Counsel states that he advised Varela not to testify. *Id.*

A criminal defendant possesses a fundamental constitutional right to testify at trial. *Rock v. Arkansas*, 483 U.S. 44, 51–53 (1987). "Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." *United States v. Teague*,

953 F.2d 1525, 1533 (11th Cir. 1992).  Counsel renders ineffective assistance with respect to the defendant's right to testify where counsel "has refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of his right to testify and that the final decision belongs to the defendant alone." *Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999).  "Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf." *Teague*, 953 F.2d at 1534.  "To prevail on an ineffective assistance of counsel claim alleging that counsel prevented a [defendant] from testifying, the [defendant] must produce more than a bare, unsubstantiated allegation to satisfy *Strickland*'s requirements." *United States v. Rondon*, 2015 U.S. Dist. LEXIS 33564, at * 26 (M.D. Fla. Mar. 18, 2015). Indeed, bare and conclusory allegations of ineffective assistance of counsel, which are contradicted by the record and unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration.  *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).

The record contradicts Varela's assertion that he wanted to testify.  At the conclusion of the United States' case, the Court informed Varela, through an interpreter, that he had a right to testify if he chose to do so.  Crim. Doc. 551 at 11.  Under oath, Varela confirmed to the Court that he had an opportunity to discuss the decision whether to testify with counsel and that he was satisfied with counsel's advice.  *Id.* Varela told the Court that he did not wish to testify and confirmed that he made the decision to remain silent on his own free will.  *Id.* at 11–12.  He confirmed that no one had threated him or forced him to remain silent.  *Id.* at 12.

8

The record shows that Varela knew he had a right to testify and that the decision whether to testify was his alone.  Varela's bare assertion that he wanted to testify, and that counsel somehow prevented him from exercising that right, which is unsupported by affidavits or other indicia of reliability, is insufficient to establish that counsel's performance was deficient. Furthermore, Varela has not indicated what specific testimony he would have given, other than generally asserting his innocence, had he testified at trial.  Varela has not demonstrated that counsel was ineffective in failing to permit him to testify and has not identified any prejudice he suffered.  Accordingly, Varela is not entitled to relief on this claim.

F.    **Claims 7 and 8: Failure to Raise PSR Objections and Mitigation Arguments**

Finally, Varela summarily argues that counsel failed to object to errors in his Pre-Sentence Investigation Report ("PSR").  He also erroneously argues that counsel failed to present any mitigation arguments at sentencing, such as his lack of a criminal history.  Civ. Doc. 3 at 5. In response to these allegations, Varela's counsel states:

> Varela had a thorough investigation prior to being sentenced. . . . [He] is a convicted felon, nevertheless counsel did argue on his behalf for a lower sentence as the record reflects.  Of note, he received the same sentence as the other four crew members that went to trial despite being the engineer and having a prior conviction for drug trafficking.

*Id.* at 5, Ex. B.

The record contradicts Varela's assertions.  At sentencing, counsel objected to the facts in the PSR as "incompatible with the defense's theory at trial[.]"  Crim. Doc. 553 at 7.  Counsel also argued for a below-guideline sentence, noting Varela's age and health, and that Varela's choice to proceed to trial amounted to a "trial tax," resulting in a significantly higher sentence than his co-conspirators who pleaded guilty.  *Id.* at 9–11.  The Court acknowledged but rejected those arguments, reasoning that Varela had a prior drug trafficking conviction that distinguished

him from his co-conspirators, which warranted a sentence of 235 months' imprisonment. *Id.* at 15–16. Varela does not identify any mitigation arguments that his counsel failed to raise, nor does he identify what information in his PSR was erroneous. Again, a petitioner is not entitled to relief when his claims are vague, conclusory, and contradicted by the record. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Furthermore, Varela is not entitled to relief on these claims because his sentence was affirmed on appeal. Varela appealed his sentence as substantively unreasonable. The Eleventh Circuit found that Varela had abandoned that claim because, like here, he "fail[ed] to offer a single specific argument in support" of the claim. *Mosquera*, 886 F.3d at 1053 (citing Fed. R. App. P. 28(a)(8)). Nevertheless, the Eleventh Circuit alternatively concluded:

> [E]ven if we were to address Varela's claim on the merits, we could discern no abuse of discretion. . . . [T]he [district] court considered the § 3553(a) factors and sentenced Varela at the very bottom of his recommended guideline range. The crime was a serious one, and the amount of cocaine was extraordinarily large. "Although we have not adopted a presumption that a sentence within the guideline range is reasonable, we have stated that ordinarily we would expect a sentence within the Guidelines range to be reasonable."

*Id.* (quoting *United States v. Joseph*, 709 F.3d 1082, 1105 (11th Cir. 2013)). Normally, "[o]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation omitted). Simply recasting an issue with an ineffective assistance of counsel label does not permit a petitioner to re-open the claim. *See id*; *see also United States v. Rowan*, 663 F.2d 1034 (11th Cir. 1981) ("[The Court] is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").

10

Varela has not demonstrated that counsel was ineffective in failing to object to the PSR or in failing to present mitigation arguments, nor has he demonstrated that he would have received a different sentence.  Accordingly, Varela is not entitled to relief on these claims.

The Court has construed Varela's filings more liberally than if they were filed by counsel.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, any of Varela's allegations not specifically addressed herein are not properly before the Court or are without merit.

### G.      Need for Evidentiary Hearing

An evidentiary hearing is not required if the Section 2255 motion "and the files and records of the case conclusively show that the petitioner is entitled to no relief."  28 U.S.C. § 2255(b).  Because the record conclusively demonstrates that Varela's claims are without merit, no evidentiary hearing is required.  *Ramirez v. United States*, 260 Fed. App'x 185, 187 (11th Cir. 2007) (citing *Smith v. Singletary*, 170 F.3d 1051, 1053–54 (11th Cir 1999)).

## III.    Conclusion

Varela's Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, Civ. Doc. 3, is **DENIED**.   The Clerk is directed to enter judgment against Varela and to close this case. Additionally, the Clerk is directed to enter a copy of this order in the criminal action, 8:14-cr-379-T-36TGW, and to terminate the motions at docket entries 592 and 594.

Furthermore, Varela is not entitled to a certificate of appealability.  To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935

(11th Cir 2001).  Because Varela fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on July 28, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record